IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                    CRIMINAL NO. 3:22cr45-CWR-ASH

**RANDY MONCREAISE**

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO VACATE UNDER 28 U.S.C. § 2255**

The United States of America ("the government") respectfully submits this response to the 28 U.S.C. § 2255 petition and subsequent affidavit in support of defendant Randy Moncreaise contesting the sentence imposed. Dkt. Nos. 344, 345. Moncreaise asserts his Sixth Amendment rights were violated due to ineffective assistance of counsel. *See* Dkt. No 345. For the reasons set forth below, Moncreaise's claims are both procedurally barred and without merit, and he is entitled to no relief.

## I. BACKGROUND

### A.     The Crime Charged and Events Leading to Moncreaise's Guilty Plea

In July 2020, Homeland Security Investigation (HIS), Mississippi Bureau of Narcotics (MBN), and the Drug Enforcement Administration (DEA) began investigating methamphetamine distribution in Neshoba County, Mississippi. PSR ¶ 26. Law enforcement learned that Marice Boler (Boler) was a distributor of pound quantities of methamphetamine, cocaine, crack, and marijuana around the Philadelphia, Mississippi area. *Id.* By way of wire taps, public records, physical surveillance, and confidential informants (CI), law enforcement discovered multiple individuals connected with Boler's drug trafficking conspiracy. *Id.*

In August 2020, law enforcement received permission form a U.S. District Judge to conduct a Title III wire intercept for telephone numbers utilized by Boler. PSR ¶ 27. One such

intercept recorded in late August revealed a message from the defendant, Randy Moncreaise, who texted Boler saying: "I need 2 pounds one already sold to my brother & im gonna work the other one hit me asap." PSR ¶ 28. Boler responded by calling Moncreaise and confirming that the latest shipment of drugs would be in the following Tuesday or Wednesday. *Id.* A few days later, Moncreaise texted Boler asking if the drug shipment had arrived. PSR ¶ 29. Boler informed Moncreaise that the shipment would arrive soon. *Id.* Moncreaise replied saying he would come to Boler the following day with payment. *Id.* The next day, Moncreaise asked Boler if the drugs had arrived. PSR ¶ 30. Boler confirmed the arrival of the drug shipment, and the two discussed plans to meet up. *Id.*

On or about August 31, 2020, law enforcement agents intercepted a shipment from a UPS driver shipped from Boler. PSR ¶ 35. Agents acquired a search warrant to search the package and found approximately six pounds of methamphetamine. PSR ¶ 35. A subsequent DEA laboratory analysis of the substance confirmed that the substance was methamphetamine with a 100% purity. PSR ¶ 36. However, pursuant to his plea agreement, Moncreaise was only held accountable for approximately two out of a total of six pounds. *Id.*

Early in September 2020, Boler and Moncreaise exchanged several text messages discussing how the latest shipment of drugs (the six-pound shipment intercepted by law enforcement) never arrived. PSR ¶¶ 37-39. A few days later, on or about September 9, 2020, Boler placed a call to Moncreaise. PSR ¶ 40. During the call, Moncreaise bragged about the money he was able to accrue thanks to his drug trafficking prior to his incarceration. *Id.* Moncreaise continues to brag about his current finances as a result of his drug trafficking, recounting how he recently purchased a Mercedez-Benz with money procured from selling cocaine. *Id.* Moncreaise tells Boler to drop off two "zips" (ounces of marijuana) for Moncreaise

to attempt to sell. *Id.* Moncreaise informed Boler that he (Moncreaise) did not have to do anything but drop off the drugs, as Moncreaise had a distribution network throughout eastern Mississippi. *Id.* Moncreaise continued, telling Boler that Moncreaise was an enforcer in the Gangster Disciples Street Gang, and that Moncreaise "knocked guys ass off for fun." *Id.* Moncreaise then informed Boler that he had avenues to avoid further disruptions, and the two men engaged in a lengthy discussion about the drug business. *Id.*

In October 2020, agents learned by way of an intercepted communication that Boler was en route to Hattiesburg, Mississippi to coordinate the pick-up of a "load" of methamphetamine. PSR ¶ 41. A Jones County Sheriff's Department deputy lawfully pulled Jones over for following too closely to the vehicle in front of him. PSR ¶ 42. During the traffic stop, the deputy smelled marijuana emanating from the vehicle and asked Boler if there was any marijuana in the vehicle. PSR ¶ 43. Boler informed the officer there was no marijuana in the vehicle and denied consent to search the vehicle when the deputy requested to do so. *Id.* The deputy called a K-9 unit who conducted a sniff around the vehicle and made a positive indication for the presence of a controlled substance. *Id.* The deputy then conducted a lawful search of the vehicle. *Id.*

A search of Boler's car revealed 1,057 grams of methamphetamine under the font passenger seat and a Smith & Wesson handgun in the glovebox compartment. PSR ¶ 44. A subsequent DEA laboratory analysis revealed the methamphetamine was 97% pure. PSR ¶ 45. After being read his *Miranda* rights, Boler agreed to give an interview to law enforcement. PSR ¶ 46. Boler stated that the individual who purchased most of the methamphetamine he acquired was a black male known as "Red." *Id.* Law enforcement agents learned from the investigation that Moncreaise's street name was "Red." *Id.* Boler admitted that he sold Moncreaise methamphetamine for $6,000 per pound. *Id.*

### B. Moncreaise's Guilty Plea

In April 2022, a federal grand jury returned an indictment charging Moncreaise with one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. Dkt. No. 3. In June 2022, Moncreaise entered into a counseled plea agreement with the government whereby he agreed to plead guilty to charge listed in the indictment the indictment. Dkt. No. 78. As part of his plea agreement with the government, Moncreaise agreed to waive the right to appeal his conviction. Dkt. No. 78, at 5 ¶ 8a.

### C. The Sentencing Proceedings

In anticipation of sentencing, the Probation Office prepared a presentence report (PSR) to determine the appropriate guideline range for Moncreaise's sentence. Dkt. No. 137. Based on Moncreaise's total offense level of 35 and his criminal history category of VI, the report called for an imprisonment range of 292 to 365 months. PSR ¶ 97. In January 2023, the Court imposed a below guidelines sentence of 260 months, a $1,000 fine, and three years of supervised release. Dkt. No. 139 [judgment].

### D. Moncreaise's First § 2255

In January 2023, Moncreaise filed his first § 2255 motion, alleging ineffective assistance of counsel for his attorney's alleged failure to conduct a proper investigation and to raise relevant objections. Dkt. No. 141. In August 2023, Moncreaise amended his initial § 2255 motion to include the charge that his attorney failed to file a notice of appeal when asked to do so. Dkt. No. 240.

This Court issued an order denying in part and deferring in part Moncreaise's first § 2255 motion. Dkt. No. 278. This Court denied Moncreaise's allegations that his attorney, the honorable Marshall Goff, failed to investigate Moncreaise's case or to raise relevant objections.

*Id.* However, this Court deferred the allegation that attorney Goff failed to file a notice of appeal and scheduled an evidentiary hearing. *Id.*

At the evidentiary hearing in March 2024, this Court, despite finding no ineffective assistance on the part of Goff, allowed Moncreaise to proceed with his appeal. Dkt. Nos. 301, 332, at 45. The Fifth Circuit ruled that since this Court found no evidence of ineffective assistance of counsel, Moncreaise's motion was denied as moot. Dkt. No. 338.

In March 2025, Moncreaise filed his second § 2255 alleging that he received ineffective assistance of counsel in violation of his Sixth Amendment right.

For the reasons that follow, Moncreaise's motion should be dismissed or, alternatively, denied on the merits.

## II. APPLICABLE LAW

After a defendant has been convicted and exhausted any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Once a sentence of imprisonment has been imposed, the Court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994).

To be eligible for post-conviction relief under 28 U.S.C. § 2255, a petitioner challenging his conviction and sentencing must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "Review under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude." *Scruggs*, 691 F.3d at 666. "To avoid

summary dismissal and obtain a hearing, … [a defendant must] allege a non-frivolous prejudice claim." *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016).

In order to prevail on an ineffective assistance of council claim, a defendant must show: Both (1) deficient performance and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The proper standard for attorney performance is that of reasonably effective assistance," and "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 687, 691.

For the first prong (deficient counsel), the defendant must show that his legal counsel performed "below an objective standard of reasonableness." *United States v. Lincks*, 82 F.4th 325, 330 (quoting *Strickland*, 466 U.S. at 668, 689-94). A defendant's legal counsel is not considered ineffective for "failing to make a meritless objection." *United States v. Lopez*, 749 F.App'x 273, 276 (5th Cir. 2018) (unpublished per curiam). *See also United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

To satisfy the second prong (prejudice), Moncreaise must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 695. Merely challenging his representation is not enough, in order to demonstrate prejudice, the defendant must show that the representation had an impact on the result. *Id.* at 693. To demonstrate ineffective assistance of counsel, the defendant must show that "[their counsel] had an adverse effect" on the outcome. *Id.* "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700.

"A second or successive [habeas] motion *must* be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h) (emphasis added). "Because §

2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless [§ 2255(h)] is satisfied." *Jones v. Hendrix*, 599 U.S. 465, 477-78 (2023).

### III. DISCUSSION

In seeking post-conviction relief, Moncreaise alleges that he received ineffective assistance of counsel during plea negotiations. Dkt. No. 345, at 6. During his plea negotiations with the government, Moncreaise was ably represented by the honorable Marshall Goff, who zealously advocated on Moncreaise's behalf. Moncreaise's successive habeas motion is both precluded by statute and is without merit. Moncreaise's motion should thus be dismissed for lack of jurisdiction or alternatively denied on the merits.

    **A.    This Court Lacks Jurisdiction to Hear Moncreaise's Successive § 2255 Motion**

This Court need not address the merits of Moncreaise's motion, as it is ultimately precluded by statute. A prisoner seeking to challenge his conviction may appeal issues of constitutional magnitude to the district judge pursuant to 28 U.S.C. § 2255. However, "[u]nder AEDPA, prisoners must obtain permission from the court of appeals before filing a second or successive § 2255 habeas corpus petition in district court." *United States v. Muhammad*, 124 F.4th 955, 956 (internal quotations omitted). "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. §

2255(h). A habeas corpus petition is successive "where a defendant is convicted, the conviction is affirmed on direct appeal, then the defendant brings a § 2255 habeas corpus petition that is adjudged on the merits, and then files a second corpus petition." *Id.* at 957.

Moncreaise's first and amended § 2255 motions were addressed by this Court, both in evaluating his motion and at an evidentiary hearing. Dkt. Nos. 278, 332. In this Court's order partially denying Moncreaise's first § 2255 motion, the Court based its decision on the merits of the motion, rather than on a legal technicality. *See* Dkt. No. 278, at 2. Additionally, for the issue of Moncreaise's former counsel's alleged failure to file an appeal, the Court held a full evidentiary hearing to determine the merits of Moncreaise's claim. Dkt. No. 332. Though this Court found no evidence of ineffective assistance of counsel, Moncreaise was permitted to proceed with his appeal. *Id.* at 44-45. On appeal, the Fifth Circuit summarily affirmed Moncreaise's conviction. Dkt. No. 338. Despite both this Court's and the Fifth Circuit's affirmation of his appeal, Moncreaise has now filed his second § 2255 motion without first seeking a certificate of appealability from the Fifth Circuit. Dkt. No. 344.

There is no question that Moncreaise's current § 2255 motion is successive. Therefore, as Moncreaise has failed to seek a certificate of appealability from the Fifth Circuit, this Court must dismiss his habeas petition for lack of jurisdiction.

### B. Moncreaise Has Failed to Demonstrate Ineffective Assistance of Counsel

Though this Court has sufficient grounds to rule without reaching the merits of Moncreaise's motion, should this Court conclude that his § 2255 motion is not successive, then Moncreaise has failed to demonstrate ineffective assistance of counsel. As Moncreaise cannot demonstrate ineffective assistance of counsel on the part of his attorney Marshall Goff, his motion should therefore, be denied.

### 1. Moncreaise Has Failed to Demonstrate Deficient Performance

The sole claim raised by Moncreaise in his § 2255 motion is that his appellate counsel, Marshall Goff, was ineffective for allegedly failing to investigate relevant law related to Moncreaise's case. Dkt. No. 345, at 5. Specifically, Moncreaise alleges that his legal counsel was ineffective due to underestimating the potential sentencing exposure that Moncreaise faced. *Id.* at 7. In order to satisfy the first prong of the *Strickland* test, deficient performance, Moncreaise "must show that his counsel's representation fell below an objective standard of reasonableness." *Leve v. Dretke*, 416 F.3d 372, 379 (5th Cir. 2005) (internal quotations omitted).

Moncreaise's allegation fails to meet the criteria of deficient performance. To begin, this Court properly explained at his change of plea hearing that Moncreaise's sentence would be between the statutory minimum of ten years and potentially up to life. Dkt. No. 243, at 16. Moncreaise informed the Court, under oath, that he understood he potentially faced life in prison, yet he still wished to plead guilty. *Id.* at 17. Based on his offense level of 35 and criminal history category of VI, Moncreaise's guideline recommended sentence was ultimately 292 months to 365 months. PSR ¶ 97.

Though the PSR's recommended sentence is significantly higher than the 130 months to 162 months estimation that Moncreaise alleges that his counsel informed him, this fact does not rise to the level of deficient performance. Although the Fifth Circuit has yet to address a case with this exact issue, other courts have found that an attorney's miscalculation of a defendant's potential Sentencing Guidelines does not amount to ineffective assistance of counsel. *United States v. Collins*, 2009 WL 910842, at *5 (S.D. Miss. 2009) (citing *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994)); *see also United States v. Alston*, 2020 WL 13753559, at *6 (W.D. La. 2020); *Callier v. United States*, 2015 WL 1959477, at *23 (W.D. La. 2015). The Fifth Circuit

has, however held that in informing a defendant of his potential sentence "[a]n erroneous estimate by counsel as to the length of an unexpected sentence is not necessarily indicative of ineffective assistance." *United States v. Sandoval*, 45 F.App'x 319 (5th Cir. 2002) (unpublished per curiam). Therefore, even if attorney Goff was mistaken in his estimation of the sentence Moncreaise may face, this is not indicative of ineffective assistance.

Moreover, this Court directly asked Moncreaise at his change of plea hearing if he was satisfied with his attorney's performance. Dkt. No. 243, at 10. Moncreaise, under oath, answered in the affirmative. *Id.* At his sentencing hearing, this Court also asked Moncreaise if he had the opportunity to review the PSR and to ask his attorney questions. Dkt. No. 157, at 5. Upon being asked if he was satisfied with his counsel's performance, Moncreaise answered "yes." *Id.*

As Moncreaise has stated on the record that he was satisfied with his counsel's performance, he has failed to satisfy the first prong of the *Strickland* test, and his § 2255 motion should thus be denied.

### 2. Moncreaise Has Failed to Demonstrate Prejudice

Moncreaise's failure to satisfy the prong for deficient performance should be sufficient reason alone for this Court to deny his § 2255 motion. *See Strickland*, 466 U.S. at 697. However, even if the Court were to find deficient performance, Moncreaise has failed to demonstrate prejudice. Prejudice is "a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." *Mejia v. Davis*, 906 F.3d 307, 314 (5th Cir. 2018).

To begin, attorney Goff performed admirably as Moncreaise's counsel, even securing the defendant a below-guidelines sentence. Dkt. No. 138. Had Moncreaise rejected the government's plea agreement and proceeded to trial, then he faced the possibility of being found guilty and

losing his three-point reduction for acceptance of responsibility. If found guilty at trial, then Moncreaise's offense level would have likely been 38, rather than 35, which, with a criminal history category of VI, would have placed his recommended guideline range at 360 months to life. Instead, by following counsel's advice, Moncreaise received a sentence of 260 months—100 months less than what he would have otherwise been eligible for had he gone to trial and been found guilty.

Furthermore, the Fifth Circuit has held that even if a defendant's attorney rendered deficient performance, he does not suffer prejudice in a case in which there is "overwhelming" evidence of his guilt. *Sanches v. Davis*, 936 F.3d 300, 306 (5th Cir. 2019). To wit, law enforcement agents intercepted multiple text messages and phone calls between Moncreaise and co-defendant Boler discussing bringing drugs into the Neshoba County, Mississippi area. PSR ¶¶ 27-32. Law enforcement agents intercepted a package meant for Moncreaise—which was to be delivered to an address registered to Moesha Jones—containing six pounds of methamphetamine. PSR ¶¶ 33-35. In September 2020, agents intercepted a phone call in which Moncreaise bragged to Boler that he (Moncreaise) was a Gangster Disciples enforcer and that he was deeply involved in the drug trade. PSR ¶ 40. Finally, Moncreaise's co-defendant Boler identified Moncreaise as his source of supply to law enforcement. PSR ¶ 46. Against such overwhelming evidence of Moncreaise's guilt, attorney Goff made a strategically sound decision to pursue a negotiated plea agreement with the government, and to focus on mitigation rather than proceeding to a trial on the merits. Attorney Goff's strategy paid off, and Moncreaise received a sentence 100 months less than if he had been found guilty at trial.

Finally, Moncreaise's motion fails to account for the fact that as part of his plea agreement, he signed a waiver agreeing to forego his right to appeal. Dkt. No. 78, at 5 ¶ 8a. The

Fifth Circuit has "routinely enforced voluntary and informed appeal waivers contained in plea agreements." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013). Indeed, this Court explicitly found that there was no ineffective assistance on attorney Goff's part. Dkt. No. 332, at 45. Moreover, the Fifth Circuit, upon viewing the record and accepting the district court's finding that there was no ineffective assistance of counsel, rejected Moncreaise's appeal. Dkt. No. 338.

Moncreaise has failed to demonstrate prejudice prong of the *Strickland* test, and his § 2255 motion should be denied.

### C. No Hearing Is Needed

Because Moncreaise's claims are based upon generalizations that are unsupported by the record, his motion should be denied without a hearing. 28 U.S.C. § 2255(b); *United States v. Harrison*, 910 F.3d 824, 826-27 (5th Cir. 2018); *United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusional allegations are insufficient to require an evidentiary hearing."); *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009) (holding that a "district court need not hold an evidentiary hearing to resolve ineffective assistance claims where the petitioner has failed to allege facts which, if proved, would admit of relief." (citation omitted)); *id.* ("If, on the record before us, we can conclude as a matter of law that the petitioner cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary, and we may affirm." (citation and quotation mars omitted)); *see also United States v. Peters*, 2021 WL 3711174 at *1 (S.D. Miss.) (unpublished) (denying evidentiary hearing when defendant pointed to no factual issues supported by the record); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) ("[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath"); *United States v. Reed*, 719 F.3d 369, 373

(5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents independent indicia of the likely merit of his allegations." (citation and quotation marks omitted)); *but see United States v. Hughes*, 635 F.2d 449, 451 (5th Cir.1981) (explaining that contested fact issues in a § 2255 proceeding ordinarily may not be decided by affidavits alone, <u>unless</u> the affidavits are supported by other evidence in the record (emphasis added)); *United States v. Arledge*, 597 Fed. Appx. 757, 759 (5th Cir. 2015) (unpublished) (explaining that when there are "dueling affidavits," from a prisoner and counsel for example, a "district court . . . can use its own knowledge of the record, its observations from trial, its prior experience with the parties and counsel, and clear contradictions between an affidavit and other record documents to determine whether the § 2255 movant is entitled to 'no relief' ").

## IV. CONCLUSION

This Court has definitively held that Moncreaise did not receive ineffective assistance on the part of attorney Marshall Goff. The question of Goff's effective assistance has already been litigated in this Court and answered. Moncreaise has failed to abide by the standards of 28 U.S.C. § 2255 and has failed to seek a certificate of appealability from the Fifth Circuit. Therefore, this Court ultimately lacks jurisdiction to hear his case. Moreover, Moncreaise has failed to demonstrate any deficient performance or prejudice from Goff's representation.

For the foregoing reasons, the government respectfully submits that Moncreaise is entitled to no post-conviction relief and the Court has sufficient grounds to so rule without need for a hearing.

    Respectfully submitted,

    PATRICK A. LEMON
    Acting United States Attorney for the
    Southern District of Mississippi

By: /s/ *Matthew W. Allen*
    Matthew W. Allen
    Assistant United States Attorney
    501 E. Court Street, Ste 4.430
    Jackson, MS 39201
    Ph: (601) 965-4480
    Fax: (601) 965-4409
    Mississippi Bar No. 101605